IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


JOHNNY D. HARRIS,

       Plaintiff,

V.                              CIVIL ACTION NO. 3:08-1127


MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.


## FINDINGS AND RECOMMENDATION


In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff

seeks review of the final decision of the Commissioner of Social Security denying his applications

for disability insurance benefits and supplemental security income based on disability.  The case is

presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on March 17, 2005, alleging disability commencing

October 31, 2003, as a consequence of a back injury/strain, degenerative joint disease, degeneration

of the back and hip, nerve damage, high blood pressure, high cholesterol, depression, and

reading/comprehension problems. On appeal from initial and reconsidered denials, an administrative

law judge, after hearing, found plaintiff not disabled in a decision which became the final decision

of the Commissioner when the Appeals Council denied a request for review.  Thereafter, plaintiff

filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-five years of age and had

obtained a high school education. His past relevant employment experience consisted of work as a

truck driver/laborer for a garbage company. In his decision, the administrative law judge determined that plaintiff suffers from degenerative disc disease of the lumbar spine, an impairment he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

In his brief, plaintiff argues that the administrative law judge did not properly consider whether his impairments met or equaled a listed impairment. This contention is not supported by the administrative law judge's decision which reveals that he specifically referenced listing 1.04 dealing with disorders of the spine and then compared the medical findings with the requirements of 1.04A dealing with nerve root compression. The administrative law judge then determined that these findings, which consisted primarily of tenderness and limited range of motion in the lumbar spine, were not indicative of the neurological deficits required by the listing.

In making this finding, the administrative law judge did not analyze each and every exam finding relative to plaintiff's back in light of the requirements of § 1.04A; rather, he listed the exhibit numbers where those findings are located in the record. He also determined that plaintiff's back problems combined with his other non-severe impairments would not equal any listed impairment, noting that no treating or examining physician had documented findings equal in severity to any listed impairment. Plaintiff cites the case of Ketcher v. Apfel, 68 F. Supp. 2d 629 (D. Md. 1999), in

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

support of his argument that a more detailed analysis is necessary. The court in Ketcher, relying on the Fourth Circuit's analysis in Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986), stated that the duty of identifying relevant listed impairments and comparing a claimant's symptoms to the criteria in the listing "is only triggered if there is ample evidence ... to support a determination that the claimant's impairment meets or equals one of the listed impairments." See, Ketcher at 645. Clearly the medical findings here do not constitute "ample evidence" that plaintiff's back problems meet or equal any of the listings under § 1.00 and, therefore, the administrative law judge was under no duty to undergo an exhaustive analysis at this step in the sequential evaluation. The Court concludes the administrative law judge's findings here were clearly sufficient and supported by the evidence.

Plaintiff also argues the administrative law judge failed to consider all of the evidence in making his findings, and particularly the evidence from Ken Devlin, M.A. and Dr. Ozturk, both of whom are affiliated with the Cabell Huntington Hospital Pain Management Center. Mr. Devlin conducted a "pre-surgical" psychological evaluation of plaintiff on November 2, 2005 to determine if he was an appropriate candidate for a spinal cord stimulator.[3] Concluding that plaintiff had mood and anxiety disorders due to chronic pain, loss of function and chronic dyssomnia as well as pain disorder associated with psychological factors and general medical condition, Mr. Devlin did not report observations of any significant abnormalities[4] and did not suggest the disorders he diagnosed would significantly affect plaintiff's ability to return to work.

---

[3]Workers' Compensation ultimately did not authorize use of this device.

[4]He noted plaintiff had "mildly" agitated psychomotor activity and "at least mildly" impaired abilities to assimilate, synthesize and abstract information due to mood and anxiety disturbance and sleep problems. Insight was considered good and judgment intact, however. Plaintiff's mood was considered depressed, anxious and irritable, but recent and short-term memory and concentration were felt to be only mildly impaired, and intellectual functioning was considered average.

The administrative law judge did not discuss Mr. Devlin's report in detail, but he did refer to pertinent exam findings. He also discussed conflicting evidence such as plaintiff's daily activities which included self-care, driving, attending church, visiting friends, preparing simple meals and fishing. Plaintiff told Mr. Devlin this last activity helped calm him, so this examiner encouraged him to engage in this activity as often as he could. The administrative law judge also noted that plaintiff's treating physician diagnosed him with a depressive disorder in November 2004, but he did not take medication on a daily basis until March 2005, and this resulted in improvement in his symptoms to the point that the treating physician concluded his depression was controlled with medication. The administrative law judge further noted the opinions of the state agency psychologist who reviewed the evidence and concluded a severe mental impairment was not established. The administrative law judge, indicating his agreement, made the same finding. The Court concludes that the administrative law judge analyzed all the evidence and "sufficiently explained the weight he has given to obviously probative exhibits." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) quoting Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984).

Plaintiff makes the same argument about the administrative law judge's treatment of the reports from Dr. Ozturk, the pain management specialist who treated plaintiff's back. The administrative law judge did note the reports from this physician and related pertinent details of his treatment, such as the administration of a series of three epidural steroid injections in August 2004, which plaintiff reported eliminated his right leg pain through October of that year, and requests for a spinal cord stimulator which were not granted by Workers' Compensation. The administrative law judge also noted the results of a May 6, 2005 MRI ordered by Dr. Ozturk which was interpreted as showing only "mild" degenerative facet hypertrophy at the L4-5 and L5-S1 levels of the spine, which

were stable findings since a prior MRI in November 2003. Dr. Ozturk opined that these findings did not account for the pain plaintiff alleged.

As the Commissioner points out, the exam reports from Dr. Ozturk do not reveal significant abnormalities. Spinal tenderness, minimally restricted range of motion, a right-sided limp and inability to perform a complete squat are the only findings noted. Plaintiff's neurological functioning remained intact, and this physician stated several times he felt plaintiff could and should return to work, though probably not at his former job. The Court concludes the administrative law judge referred to Dr. Ozturk's reports in sufficient detail to make it clear he considered them. He also sufficiently explained the reasons for his findings, which are supported by substantial evidence.

Finally, plaintiff contends the administrative law judge should have found his obesity to be a severe impairment. This argument is also unpersuasive as the evidence shows that, while the administrative law judge did not specifically address the severity of this impairment, he did consider limitations related to it in determining plaintiff's residual functional capacity and questioning the vocational expert. Plaintiff points out that one of the state agency medical advisors explained in his assessment of residual functional capacity that the limitations he found of occasional climbing, balancing, stooping, kneeling, crouching and crawling were due to this condition. It is observed that the administrative law judge did include these limitations in his residual functional capacity finding, and there is no evidence indicating further limitations are established due to this condition. Plaintiff also reported to a nurse practitioner on October 3, 2006 that he was eating better, walking daily and was losing weight. In light of the evidence, and considering that the residual functional capacity found by the administrative law judge did take account of limitations considered to result from obesity, the Court concludes the administrative law judge's failure to explicitly consider it does not require remand because this error is harmless, and remand would not change the outcome of the case.

See, Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (affirming decision despite error "because there is no question but that [the administrative law judge] would have reached the same result notwithstanding his initial error []").

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, their severity, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner should be affirmed.

## RECOMMENDATION

In light of the foregoing, **IT IS RESPECTFULLY RECOMMENDED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provision of Rule 72(b), Fed.R.Civ.P., the parties may, within fourteen days of being served with a copy of the Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the

district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Findings and Recommendation and mail a copy of the same to all counsel of record.

ENTER:   March 2, 2010

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE